Thomas Boyd, here on behalf of the appellant, Graco, Inc. Graco respectfully requests the Court to reverse the District Court's judgment and remand with instructions for entry of judgment in favor of Graco. Appellees Michael Ryan and Rydex purported to grant to Graco an exclusive license for their patent, and for this, Rydex demanded and Graco paid $225,000 upfront expressly for the exclusive use of the patent and then paid 5% royalties thereafter on the use of the patent. But Rydex never provided Graco with exclusive use of the patent. We're not asking this Court to reconsider the evidence. We're not trying to re-argue the evidence. We're basing our arguments and our request for relief on findings that Judge Gritzner made as a matter of law, and I'd like to emphasize those three specific findings. First, the District Court found as a matter of law, Rydex's conduct provided three of Graco's competitors with an implied license to use the patent from 2005 to 2012. Second, the District Court held as a matter of law that Rydex breached its duty to enforce the patent against third-party infringers on August 15, 2012, when it dismissed a lawsuit against those three infringers with prejudice. And third, the District Court held as a matter of law that Rydex breached the duty to provide Graco with exclusive use of the patent from August 15, 2012, when that case was dismissed with prejudice, until the patent expired on March 10, 2015. So in short, Rydex and Ryan failed to perform their obligations, were in breach, and never provided Graco with the exclusive use of the patent from 2005 to 2015, which is the entire term of the agreement. Thus, the judgment against Graco for breach of contract and the award of $313,000 plus attorney's fees in favor of Rydex must be reversed. Rydex cannot prevail on that claim, that breach of contract claim, because Rydex did not establish it had done what the contract required. Under Iowa law, it's a fundamental requirement. It's a predicate to be able to establish breach of contract. And this necessarily bars Rydex from prevailing on its breach of contract claim against Graco. We therefore believe Graco is entitled to reversal and remand with entry of judgment in its favor. There are a number of questions that came up during the briefing, a number of issues that came up in the briefing, and in order to respond to those particular issues, I want to provide the court with a framework in terms of how to evaluate the record in this case. I believe there are four stages. First, the negotiations that went into the license agreement. Initially, Graco was interested in a non-exclusive license, and Rydex insisted that it be exclusive. Rydex demanded that we pay for exclusivity. So the terms of the agreement itself expressly state this shall be an exclusive license. That's on page one. That's one of the preambles. We specifically paid $225,000 for exclusivity, and thereafter we paid 5% royalties, which is the exclusive royalty rate, as opposed to 2%, which would be a non-exclusive rate. So the agreement itself expressly provides for exclusivity. It also provides for reexamination. We had been in litigation with Rydex challenging the validity and enforceability of their patents. So a fundamental term of the agreement was the parties would submit or Rydex would submit the patent for reexamination. During that period of time, which took until April of 2011, the royalty payments that Graco made were placed in escrow, and if the patent did not survive reexamination, we would receive those royalties back. It did survive reexamination. In the meantime, there was no reason for either party to seek to enforce the patent because of the question about its enforceability, and certainly Graco could not have sought enforcement given the filings that it had made in the patent litigation it had with Rydex, in which it contested the validity of the patent. So the patent reexaminations was complete in late April 2011, and Rydex then sued the infringers in August, shortly thereafter, which was what they were required to do, but they failed to fulfill their obligations in pursuing that infringement action. They filed it in Houston. The venue was challenged. It was transferred to Wisconsin, where Rydex immediately folded and unilaterally agreed to dismiss the claims with prejudice, which, as Judge Gritzner found, greatly prejudiced my client, Graco. It barred us from being able to recover a million dollars' worth of lost profits. That's quite material. It also barred us from being able to seek injunctive relief. So what did Judge Gritzner say later, then, about materiality and the million dollars? He said things that, at least in my view, were inconsistent. He read the agreement as if exclusivity was immaterial, that it was not a benefit of the party's bargain, or clearly it is. He also ruled, as a matter of law, that these breaches had occurred, and it was our understanding that that was a conclusive determination that subsumed materiality. I would note, excuse me. I know that was your understanding, but he says that's not what he meant. Which was confusing. We had submitted proposed jury instructions that actually had a materiality instruction, and you can find that in appendix page 299. Iowa has a materiality instruction based on the restatement in Iowa Supreme Court law, where the plaintiff, if the plaintiff has failed to perform, the plaintiff can argue that it was not a material breach. In fact, Mr. Monroe, RIDEX counsel, argued materiality was a fact issue, and therefore the court should not grant our motion as a matter of law on these various findings. Judge Gritzner overruled that objection. RIDEX did not seek an instruction on materiality. The jury was not asked to consider materiality. It wasn't asked to decide it. What happened to your instruction? We didn't pursue it because we won as a matter of law. So we understood going in. Oh, you mean you submitted this instruction before that ruling came out? Exactly. So there was no need for us to submit it, given that we had prevailed in our motion as a matter of law. I understand. But let me go even further and say, if you consider those issues, there's no way on earth a reasonable jury could determine these were not material breaches. Again, that's the expressed purpose, the stated purpose of the agreement. And the jury is supposed to look at the agreement, the written agreement, and decide what's the benefit. We paid $225,000 plus 5% royalty for exclusivity. We lost $1 million in lost profits claims against these infringers. We lost the ability to seek a permanent injunction against them for their prior behavior. Counsel, isn't the real question here whether on the facts found below, this court can determine that the breaches were material as a matter of law? I don't know if that's the issue. We agree with Judge Gritzner that, in fact, they breached as a matter of law, and all of the evidence supports that, and none of the evidence is contrary to that. So if that's the issue for this court, we would respectfully submit that you must find that these were material breaches as a matter of law, and therefore reverse and remand for entry of judgment in our favor. If you have any question about that. Why do you say that might not be the issue? I gather the question comes up because the district court said that would be a justification for the verdict, and a reasonable jury could have found no materiality. So why isn't that the question? Because it's undisputed they breached the terms of the agreement, and under Iowa law, if they fail to establish performance, they can't prevail on a breach of contract. Now, that particular element does not discuss materiality. It simply states if you fail to perform, and everybody agrees they failed to perform from 2005 all the way through 2015, then they can't pursue their claim, period. Now, if they want to make an affirmative argument of materiality, that's up to them, and I guess that's my hesitancy is as the defendant, I don't want to be put in the position of making the plaintiff's argument. But if this court concludes that as a matter of law, excuse me, if this court concludes that somehow they could get past that essential element to prove a breach of contract, and if this court concludes there's a whisker of a possible issue of fact on materiality, then you should reverse and remand for a trial on that issue. So at the very least, there should be a reversal and remand for trial on materiality. But we believe the... You mean because you say that issue was never tried, the verdict can't be characterized as a materiality... It certainly, it wasn't tried, that's correct. I know it was, there's no instruction, but was it argued that way? No, it wasn't argued that way. Mr. Monroe for Rydex did argue materiality in chambers or before the court outside... What was the issue for the jury then? As you see it, what was the argument? There wasn't an argument. The judge instructed that they had breached. So there was no way they could prevail on their contract claim, period. I don't know if Judge Gritzner was doing a Judge Sanborn and just wanted to have the jury make the decision. But I don't... What was the argument to the jury for why there should be recovery? Well, again, I'm being asked to... Well, I'm not asking you an historical question. I'm not asking you what was the argument made. Historically, my understanding of the argument is it's no big deal. Don't worry about it. These were small competitors. A deal's a deal. Forget about it. Yeah, we know we breached, but just don't worry about it. That's essentially the argument. In Iowa, the breach must be material? The instruction on the elements of breach of contract do not call out materiality. They say the plaintiff or the party with the burden has to establish they performed their obligations. If the breach is so de minimis that it doesn't really affect anything, it's still... That would be the plaintiff's argument if that instruction was given and the jury was asked to decide that. In this case, the record would not support a de minimis finding. All right. Would you like to save the time for rebuttal? Thank you, Your Honor. Very well. Mr. Monroe, we'll hear from you. Let me please the court, counsel. I'd like to address a couple of things up front, statements that were made by Graco's counsel. One was that we brought in infringement action because that was what Graco was required to do. A review of the contract will show two things. One is that, and this is outside the contract in the record as well, both parties to this contract knew there were third-party infringers when the contract was entered into. Graco was fully aware that the Badger defendants, as they were stated, were out there, that they were infringing on the contract. They knew that. So this was an invalid contract when it was signed. Is that what you're saying? No, Your Honor. I'm not. What I'm saying then is that the parties specifically agreed that neither Graco nor Ridex was under any obligation to pursue third-party infringers. The contract specifically says that. Mr. Boyd said that we brought the infringement action because that was what we were required to do. We weren't required to do that. How did you breach then? Well, Judge Gritzner, if the jury decided differently, Your Honor, to be honest, we would be up here arguing the breach issue. I don't believe we were in breach of the contract. What Ridex did was they brought an action against the Badger defendants. They were under no obligation at all to do that. They brought the action and discovered during discovery, as the record shows, that the Badger defendants from 2005 to 2015, that their total sales were less than one quarter sales, Graco per year. In other words, that Graco from January to March of 2014 had more sales under the terms of this, under this license than the Badger defendants combined had in the entire 10 years they were supposedly breaching this contract. Does the evidence show that both parties knew of Badger's infringement? Yes, Your Honor. Specifically in the record, both parties knew about it when the contract was entered into. That was admitted to by Mr. Farrow, who was Badger's patent counsel, or not Badger, it was Graco's patent counsel. So your big picture point is you don't think there was even a breach, and so even though Judge Gritzner found a breach worked out okay, given what the jury did. No, no. Our big picture is this, Your Honor. We accept the fact that the court ruled that there was a breach. But Iowa law specifically requires that the breach be material. And we've cited two cases that I think both parties cite Van Ort. And more importantly, I think we cite West v. Jane, which is an Iowa case from 1992. And it said, in order to predicate the discharge of one of the contracting parties upon breach of condition by the other, the party claiming discharge must show the condition breached constituted the entire agreed exchange by the other party. And materiality is an issue of law. Materiality, I believe, would be an issue of fact, as Judge Gritzner stated, that whether or not it's a material breach can and should be determined as an issue of fact. In some instances, clearly it can be an issue of law. In this instance, what we've got is a de minimis third-party infringer. Both parties know that the third-party infringer is out there. Graco is arguing and screaming exclusivity. They knew this wasn't an exclusive contract, was not an exclusive contract when they entered into it. They knew we were under no obligation to enforce the contract. So the exclusivity argument is essentially a chimera. It's something that they throw out here now. But, no, there's no evidence that- Well, I don't know how you can say you accept that there was a breach and then say what you just- It's not a material breach, Your Honor. It's the argument. They knew there was- But you say the reason it's not material is you had no obligation to enforce and there was no exclusivity agreement. But that was the basis for saying that you breached. The reason we're saying it's not material, Your Honor, is because they knew the third parties were out there. Okay. And they knew we didn't have an obligation to file suit. What Graco licensed for in the argument- On that last point, though, if you had no obligation to file suit, what was the basis for the judge's ruling that you breached? I have the same question, Judge. The judge stated this. The judge's ruling was this, and that was that once we decided to file suit, that we had to perform the breach and go forward with the litigation in a reasonable manner. And he made a fact decision that we did not perform in a reasonable manner. Even Graco's counsel admitted that we were not going to get an injunction in this litigation, that an injunction was not going to happen. So Graco's saying that since we didn't proceed through an injunction or the denial of an injunction in this case, that that's a material breach, Graco knew that an injunction wasn't even an option. Injunction wasn't going to be entered. You asked a question, Judge, as to whether or not materiality was argued to the jury. It was almost the entire argument to the jury. Understand, Mr. Boyd wasn't present at trial, doesn't know that. But materiality was argued and argued at length. Why wasn't there an instruction on it, Judge? Well, Graco wanted an instruction on materiality. The court did not allow the instruction on materiality at trial. Graco had the opportunity to make a record on the lack of a materiality instruction and did not do so. No, but you were the one arguing materiality in the trial, as I understand it. We were, Your Honor. You wanted the jury to say this was not material. That brings us to the next point, Your Honor. So I'm just asking why you didn't see a need to submit an instruction on that? I didn't. Under what instruction were you arguing your point then? That we performed as the contract required. I see. The instruction that we argued this case under, Your Honor, is actually more onerous to write X than the instruction on materiality would have been. I didn't see materiality. Well, I did see materiality as an issue. But we had to argue to the court either way, the jury either way. One was that we argued materiality. The second was that we did what the contract required us to do. And materiality, I think, means that we did do what the contract required us to do. That if it's not material, if it doesn't go to the heart of the contract, then we performed under the contract. Graco is saying, and I guess they're the ones making the argument that the failure to include a materiality instruction was error. And they didn't request the instruction. They did request the instruction. And when it wasn't granted, they didn't preserve error on that issue. The instructions that we argued and that we were forced to argue in this case, given that they were the instructions given by the court, specifically stated that, among other things, we had to prove that we performed on the contract. And so we argued the materiality issue and argued that we did, in fact, perform on the contract, that the actions that we took with regards to the badger defendant, specifically filing suit, proceeding to the point where we realized that it was financially unfeasible to continue with litigation, that we weren't going to get an injunction, that all of those things were a performance under the contract. Whether in breach or not, they were not a material breach, and that's the argument we made to the jury. So that's essentially the position at trial from both sides, and Grayco argued materiality as well. Counsel, why was the litigation filed against badger if it was not contractually required? Bridex didn't know the extent of the badger defendant's sales at the time. I wasn't the attorney for Bridex at the time. I can only state what was testified to or stated to by the attorney that they had at the time. He said they filed it with the expectation that there would be damages, that there would be some kind of an agreement that they would leave the market. The badger defendants vigorously defended that. When it turned out their sales were almost nil, that the recovery wouldn't justify the litigation, that the litigation was dropped. That's why the case was filed, and that's why it was dismissed. I guess Grayco's argument is that we were required to file it. We filed it, and we just threw it away to meet some kind of requirement, and we breached it because of that. Why was it dismissed with prejudice without telling Grayco? That's a good question. I don't know, Your Honor. I think that was probably a mistake on the part of the counsel for Bridex at the time. The fact that it was dismissed with prejudice or without prejudice doesn't change the fact that Grayco's counsel admitted that there was going to be no injunction. Grayco had the opportunity to file suit, too. They had the same opportunity we did. They didn't take it. In fact, in the file, there's records stating that we wanted Grayco to join in litigation with us, and they refused to do that. So the arguments that Grayco's making now are in the air, I guess. I don't really understand them. Essentially, Your Honor, to answer your question, we didn't request a materiality instruction. We could have requested one, but I thought the instructions provided by Judge Gritzner were an adequate statement of the law that would allow us to argue the case. And as it turns out, I believe I was right, that we were able to argue that the actions by Bridex were in conformance with the contract, that there was no material breach of the contract. And because of that, we could arrive at different ways. The other problem was materiality, Your Honor. And it comes up later, and I think it's also mentioned by Judge Gritzner. It has to do with the fact that there's an election by Grayco not to rescind the contract, which is another problem I think we have. And that is throughout the case, Grayco argued that the contract hadn't been rescinded, that the contract was in effect, and that the only damages we could get were damages for breach of contract. On appeal, they're saying that the contract, all sides agree the contract was terminated. That's in their brief. It was never terminated. They never made that argument. They had the option to rescind the contract. They had the option to say, we're going to rescind the contract, we're going to terminate it, we didn't get an exclusive license, and we're going to sue you for damages. Or, even if our breach is material, they had the option to do what they did, and that is to continue on to basically acquiesce to the breach, to have the option to bring a claim for damages later on. But that would not preclude us from bringing a claim for damages as well if they didn't perform under the contract. There's an Iowa case that we cite, Your Honor, and granted it's a while ago, but it's the Adams case. I'm sorry, Andrews case. And Andrews case specifically states that there is an election of remedy that was available to Graco. There are a number of cases cited by the court in the order denying Graco's motion for a new trial that stand for exactly the same thing, and that is that if Graco truly believed there was a material breach, then Graco couldn't go forward selling the Matrix product, our product, without paying us a royalty. They had the option at that time of doing one of two things. So materiality instruction, I guess, again, Your Honor, standing here, I remember things. Materiality instruction wasn't given because it would have been a misstatement of the law. If the instruction was given to the jury that a material breach on the part of Rite-X, which is the breach we're talking about here, that the material breach on the part of Rite-X would preclude Rite-X from recovering, and that isn't the law. Once Graco decided that they were going to continue selling products that were licensed to Rite-X, that they were continuing making and selling that, that once they made that decision, they were subject to suit by Graco or by Rite-X. Wait, so now you're saying because the breach was not material, you win the case. But even if the breach had been material, we still had the right to go forward with the damage claim. Yes, Your Honor. All right. What's your best Iowa authority on this question, whether materiality is an element of breach? I believe it's the West v. Gene case, Your Honor, 484 Northwest 2nd, 186. Okay. And to be fair, there's two of them. It would be Van Oort. I'm sorry. Well, Van Oort's discussed at length in the briefs. In West v. Gene, Your Honor, materiality is an element and was an element. Your Honor, I believe we've at least, if there are any other questions on materiality, if there aren't, I would go to our position with regards to our appeal. Judge Gritzner looked at the case. We filed this in alternative theories. One was patent infringement. One was contract. Clearly, if there was a breach and repudiation and Graco went on making our product, we would have a patent infringement claim against them, and I believe it would be a willful infringement claim. Or any alternative, we pled contract claim. We didn't know whether or not Graco was going to argue that the contract had been rescinded. Graco argued it wasn't rescinded. While there was no finding on that, I believe that everybody went forward with this case as if it was a contract claim. The court, in the record, there was evidence that there was a valid contract, that Graco agreed they wouldn't question the validity of the contract. An admission in writing by Graco, they infringed, not contract, a valid patent. Graco agreed that they wouldn't question the validity of the patent. There was an admission by Graco that they infringed on the patent. We had the damages and then a royalty. So we believed we had a patent claim. The court dismissed that claim, saying that we did nothing to prepare that claim for trial. I thought the evidence was sufficient, but it was alternative claims. We couldn't recover under the contract and the patent. So we went forward with the contract claim. The court, when they decided fees in this case, used a mathematical formula, which is specifically, by ruling of this court in Feltz-Roper, was specifically in error. In addition to that, the court didn't take into account the fact that there was a million-dollar counterclaim against us by Graco that the court dismissed. They cut our fees in half. I see my time's up, Your Honors, unless there's any more questions. Very well. Thank you, Mr. Monroe. Mr. Boyd, we'll hear from you on the cross-appeal or rebuttal as you fit. Thank you. Some very specific things. First of all, RIDEX's obligation to pursue infringement actions is specified in paragraph 11.0 of the agreement, page 5. It states, should there be patent infringement relating to the licensed field of use by a third party, and licensees notice licensors of such infringement, licensors shall have the initial choice and obligation to prosecute the infringement. They did undertake to prosecute. They dismissed with prejudice. Judge Grass, you asked the question why. Counsel had no response. In fact, there's a huge difference. Dismissal with prejudice barred my client's claim for more than a million dollars of lost profits, the right to pursue injunctive relief, and importantly, and demonstrating, I think, the bad faith, that action could have resulted in a finding of non-infringement, which would have nullified any obligation on my client's part to pay any more royalties. But didn't the jury basically say that those claims weren't worth anything when they found... I'm not sure I would be speculating as to... Wasn't that all argued, though? It was argued, and the jury found that we breached, so we couldn't recover damages. They didn't find that that wasn't a harm we suffered. Well, all right. It's a general verdict. I guess you don't know what they were thinking, but... Yeah, I don't. With respect to materiality, the restatement has a whole section on materiality. It's a five-factor test. It's not an element of the breach of contract claim. It's an explanation of how do you determine whether or not the breach or the failure to perform is material or not. The plaintiff had an obligation to pursue that if they thought it was still in the case. We didn't think it was in the case. We had won as a matter of law. So we expected that the jury would find they failed to satisfy their obligations. I have so many more things to say. Do you want to take one minute on the reduction of attorney's fees, assuming we get to that? Absolutely. And if I may, just one other comment about closing argument. Counsel's right, I wasn't there, nor were you, but read closing argument. See if you find the word materiality anywhere. It's not there. That wasn't argued. The plaintiff had given up that argument, and none of us thought it was in the case. With respect to the fee issue, RIDEX, one important fact that was not mentioned by counsel for RIDEX is they entered into a contingent fee agreement with RIDEX. RIDEX and their counsel had a contingent fee agreement, but it was not produced. We believe, since it's a contractual fee-shifting provision, not a statutory fee-shifting provision, plaintiff is only entitled to the actual fees they were obligated to pay their attorney. This isn't a situation with a civil rights action where there's policy reasons why we encourage even pro bono lawyers to be able to recover their, I shouldn't say even, but those lawyers who do not pay full or do not charge full freight can still seek to recover full freight or full reasonable fees because of the policy reasons underlying the statute. But where you have a contractual fee-shifting provision, that policy or those policy reasons don't exist. So here, where the plaintiff recovered an award, and we believe improperly recovered an award, but recovered an award for $313,000, they should not be able to seek fees anything beyond one-third or whatever the contingent fee agreement provides for because that would be a windfall. There are a number of other reasons why. What exactly did the contract provide for? Just attorney's fees? Plaintiffs admitted that it existed but did not provide? No, no, not their contract. I mean the fee-shifting contract. Oh, it's a prevailing party. It just says prevailing party shall recover attorney's fees without elaboration? Yes. Yeah. It's paragraph 14. So you want us to interpret that to mean they shall get only the attorney's fees that they contractually agreed? Actual out-of-pockets. Yeah, actual out-of-pockets. Actual out-of-pocket costs. That would be what? For the client. For the client, correct. Yeah. Do you have any authority on that? Does that ever come up in Iowa or anywhere else? I don't know about Iowa. I believe we cited to some cases, one of which may be an Eighth Circuit case. I'm not saying that with confidence, but I think our brief may have a few sites relating to. In fact, now that my memory comes back, there are some cases that say anything beyond the contingent fee would be a windfall, and I believe those are in our briefs. And I know I'm way over my time. If I may, just one point. In terms of this newfound election of remedies argument, paragraph 15 of the agreement, the license agreement, excludes any election of remedies. It expressly provides. All right. We'll take a look at that. Okay. Thank you, and thank you very much for your time. All right. The case is submitted, and the court will file an opinion in due course. Thank you both for coming.